Mr. David A. Couch Dover Dixon 425 West Capitol, Suite 3700 Little Rock, AR 72201
Dear Mr. Couch:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed initiated act:
 (Popular Name) AN ACT TO EXEMPT CERTAIN FOOD ITEMS FROM SALES TAX (Ballot Title) AN ACT TO EXEMPT THE SALE OF FOOD REGARDLESS OF THE MEANS OF PURCHASE, FROM THE IMPOSITION OF ANY SALES TAX, GROSS RECEIPTS TAX, GROSS PRODUCTS TAX, OR ANY OTHER TAX BY THE STATE OF ARKANSAS, ANY COUNTY OR MUNICIPALITY EXCEPT FOR TAXES LEVIED BY COUNTIES AND MUNICIPALITIES, ALL OR PORTIONS OF THE COLLECTIONS OF WHICH ARE PLEDGED TO THE RETIREMENT OF BONDS ISSUED PRIOR TO NOVEMBER 3, 1998, FOR THE PERIOD NECESSARY TO RETIRE THE BONDS; PROVIDING IN THE EVENT BONDS ISSUED BY A MUNICIPALITY PRIOR TO NOVEMBER 3, 1998 ARE SECURED BY THE MUNICIPALITY'S SHARE OF COLLECTIONS OF A COUNTY-WIDE TAX, SUCH TAX SHALL ONLY BE LEVIED ON THE SALE OF FOOD IN THAT MUNICIPALITY AND ALL COLLECTIONS OF SUCH TAX ON THE SALE OF FOOD SHALL BE PAID TO THE MUNICIPALITY AND USED BY IT TO RETIRE THE BONDS; DEFINING FOOD AS THAT WHICH IS ELIGIBLE FOR PURCHASE WITH FOOD STAMPS OR FOOD COUPONS ISSUED IN ACCORDANCE WITH THE FOOD STAMP ACT OF 1964, AS AMENDED AND IN EFFECT ON JANUARY 1, 1997; DECLARING THE PROVISIONS TO BE SEVERABLE; REPEALING ALL LAWS IN CONFLICT WITH THE ACT; AND, PROVIDING THAT THE ACT SHALL BECOME EFFECTIVE JULY 1, 1999.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire submission may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiated act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b), else voters could run afoul of A.C.A. § 7-5-522's five minute limit in the voting booth when other voters are waiting in line. Baileyv. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Beckerv. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leighv. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying the above precepts, it is my conclusion that the submitted popular name and ballot title are sufficient, and they are hereby approved.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB/EAW:cyh